IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| VICKY LORINE HARTSOUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 6:24-CV-03045-DGK-SSA |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Vicky Lorin Hartsough's application for disability insurance benefits ("DIBs") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including peripheral neuropathy, spine disorder, hereditary spastic paraplegia, tachycardia, hearing loss, anemia, and hand disorder. But he found that she retained the residual functional capacity ("RFC") to perform the full range of light work and could perform her past relevant work as an administrative assistant.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for supplemental security income on November 16, 2020, alleging a disability onset date of June 1, 2020. The Commissioner denied the application at the initial claim

level, and Plaintiff appealed the case to the ALJ. After holding a hearing, the ALJ found Plaintiff was not disabled. The Appeals Council then remanded the case to the ALJ for him to address various issues. After another hearing on June 9, 2023, the ALJ issued another decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on January 5, 2024, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

2

Case 6:24-cv-03045-DGK     Document 10     Filed 10/30/24     Page 2 of 7

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges the ALJ's actions at Steps Three and Four. As for Step Three, Plaintiff argues that the ALJ erred by concluding she did not meet medical listing 1.15 ("Listing 1.15"). At Step Four, Plaintiff faults the ALJ for: (1) improperly assessing her credibility; and (2) discounting the opinion evidence from physical therapist Brandon Lane, DPT ("Dr. Lane").

These arguments fail procedurally and substantively. On the procedural front, Plaintiff's brief does not contain a single citation to an Eighth Circuit case and only one citation to a Supreme Court case for a general proposition. This is unacceptable. There are countless, binding Eighth Circuit cases on every issue Plaintiff raises in her brief, but she fails to cite any of them. Instead, Plaintiff leaves it to the Court to conduct legal research and construct legal arguments for her. But that is not the Court's role. *See, e.g., United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) ("It is not this court's job to research the law to support an appellant's argument." (internal quotation marks and alterations omitted)); *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Cir. 2011) ("Neither the district court nor this court are obliged to research and construct legal arguments for parties, especially when they are represented by counsel.").

Thus, the Court finds that Plaintiff has waived every argument in this appeal. *See Johnson Tr. of Operating Eng'rs Loc. #49 Health & Welfare Fund v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 523 (8th Cir. 2020) ("Because the Trustees 'failed to provide meaningful *legal* analysis' explaining how the disputed facts supported their claim for unpaid contributions for Charps's employees, the claim could not survive the defendants' motion for summary judgment." (emphasis added)); *see also United States v. Kalb*, 750 F.3d 1001, 1005 (8th Cir. 2014) ("Because she does not support this claim with specific reasons, citations to the record, or relevant legal authority, we consider it to be waived." (internal quotation marks omitted)).[2] But even if Plaintiff had properly supported and developed her arguments, they fail on the merits for the reasons discussed below.

## I. Substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet or equal Listing 1.15.

Plaintiff first contends that the ALJ erred in finding that her impairments did not meet or equal Listing 1.15. Defendant counters that the ALJ's opinion is supported by substantial evidence because Plaintiff failed to prove that she met multiple parts of this listing.

Plaintiff bears the burden of demonstrating that her impairments meet or equal a listing. *Schmitt v. Kijakzi*, 27 F.4th 1353, 1358 (8th Cir. 2022). This requires her to show an impairment meets "all of the listing's specified criteria." *Id.* at 1359 (internal quotation marks omitted). In other words, "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). To prove

---

[2] In any future appeals before this Court, Plaintiff's counsel shall ensure that he finds and cites all on-point Eighth Circuit cases on the arguments he raises in his briefs. Failure to do so will result in the Court summarily affirming the ALJ's opinion and could result in the imposition of sanctions.

equivalency, Plaintiff must "present medical findings equal in severity to all the criteria for the one most similarly listed impairment." *Igo v. Colvin*, 839 F.3d 724, 730 (8th Cir. 2016) (internal quotation marks omitted). And it is not reversible error for the ALJ to fail "to explain why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record." *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011).

Although the ALJ's exhaustive medical listing analysis found Plaintiff failed to meet ten different medical listings she claimed applied, she only challenges the ALJ's finding that she did not meet Listing 1.15. This listing applies to disorders of the skeletal spine. Among other things, Listing 1.15 requires Plaintiff to establish evidence of radicular distribution of neurological signs during physical examination, including muscle weakness. 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.15(B)(1). It also requires medical documentation of, in relevant part, "a documented medical need . . . for a walker, bilateral canes, or bilateral crutches . . . or a wheeled and seated mobility device involving the use of both hands." *Id.* § 1.15(D)(1).

The ALJ found that Plaintiff failed to satisfy both these requirements, and the record supports these findings. On the muscle weakness front, physical examination records repeatedly showed that Plaintiff had normal and improved motor strength after she received treatment. R. at 559, 578, 600, 874, 897, 906, 989, 1001. As for the use of a cane or walker, although she claimed that she used them consistently, they were not prescribed. R. at 42. Moreover, there was other evidence of limited or inconsistent use of a walker or cane, and there was no evidence that the assistive devices materially limited her ability to do work-related activities with her hands and arms. R. at 677, 703, 715, 897, 927, 943, 945, 1000, 1009. Thus, substantial evidence supports the ALJ's finding that she did not meet Listing 1.15.

Since substantial evidence supports the ALJ's finding that Plaintiff failed to show she met or equaled Listing 1.15, the ALJ did not err in his Step Three analysis.

**II.      Substantial evidence supports the ALJ's credibility analysis.**

Plaintiff argues that the ALJ erred in discounting her allegations of disabling hand limitations. Defendant counters that substantial evidence supports the ALJ's bases for discounting Plaintiff's credibility.

Defendant is correct. On the whole, Plaintiff's credibility arguments invite the Court to do what it cannot: "reweigh the evidence presented to the ALJ." *Mabry v. Colvin*, 815 F.3d 386, 389 (8th Cir. 2016) (internal quotation marks omitted). To the contrary, the Court cannot disturb the ALJ's credibility findings when they are "supported by good reasons and substantial evidence." *Id.* (internal quotation marks omitted). That is the case here. Substantial evidence supports the ALJ's findings that Plaintiff's allegations were not fully credible because: (1) they were not fully supported by the treatment records showing mild structural problems and limited, to no, functional limitations with her hands, R. at 116, 874, 881–86, 906, 936, 944, 992, 1001; (2) when she received treatment her symptoms improved, R. at 115, 643; (3) there were stretches where she claimed disabling limitations but sought no treatment, R. at 116; and (4) her daily activities were inconsistent with disabling limitations, R. at 117, 340–47. These reasons are not only supported by the substantial evidence, but they are also valid bases for discounting her credibility. *See Austin v. Kijakazi*, 52 F.4th 723, 730–31 (8th Cir. 2022); *Bryant v. Colvin*, 861 F.3d 779, 784 (8th Cir. 2017); *Bernard v. Colvin*, 774 F.3d 482, 488–89 (8th Cir. 2014).

Since the ALJ gave good and well-supported reasons for discounting Plaintiff's allegations of disabling limitations, the ALJ did not err in assessing her credibility.

### III. Substantial evidence supports the ALJ's treatment of Dr. Lane's opinion.

Plaintiff concludes her brief with a perfunctory argument that the ALJ erred in finding Dr. Lane's opinion unpersuasive. Defendant counters that the ALJ properly discounted the opinion based on the consistency and supportability factors in the regulations.

Defendant is correct. On the supportability front, Dr. Lane's opinion of significant limitations was not completely supported by his examination notes, including his finding that her upper extremities were essentially normal. R. at 119, 941, 944. As for consistency, the ALJ's Dr. Lane's opinion was inconsistent with numerous medical records showing normal or benign examination findings in the relevant categories. R. at 110, 874, 906, 992, 1001. Moreover, several of these examination findings came after Dr. Lane examined Plaintiff, which further detracts from his opinion.

To be sure, Plaintiff cites some evidence which could support a different treatment of Dr. Lane's opinion. "But the fact that some evidence supports a different conclusion does not allow a court to reverse the ALJ's decision." *Mize v. Kijakazi*, No. 3:20-CV-05054-DGK-SSA, 2021 WL 5851444, at *2 (W.D. Mo. Dec. 9, 2021) (citing *Swing v. Saul*, 931 F.3d 765, 770 (8th Cir. 2019)). At bottom, the ALJ's treatment of Dr. Lane's opinion was well within the "zone of choice." *Buckner*, 646 F.3d at 556.

### Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: October 30, 2024          /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT